# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CLEAR BLUE INSURANCE
COMPANY,

     Plaintiff,

Case No.

vs.

DANIELIZ HAULING SERVICES,
CORP., CARLOS MORALES, and
SAELISSE VEGA RIVERA,

     Defendants

_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Clear Blue Insurance Company ("Clear Blue") sues Danieliz Hauling Services, Corp., ("Danieliz"), Carlos Morales ("Morales"), and Saelisse Vega Rivera, ("Vega") for declaratory relief as follows:

## JURISDICTION AND VENUE

1. Clear Blue brings this action for declaratory judgment pursuant to 28 U.S.C. § 2201, seeking declaratory relief arising out of an insurance dispute relating to a May 5, 2025 automobile accident and resulting litigation.

2. This Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, as the amount in controversy exceeds the sum of $75,000.00, exclusive of fees, interest and costs, and there is complete diversity of citizenship between the plaintiff and the defendants.

5141\329947397.v2

3.      Clear Blue is a foreign Corporation under the laws of the State of Texas, domiciled in and with its principal place of business in Puerto Rico.

4.      Danieliz is a Florida corporation organized under the laws of Florida, domiciled in and with its principal place of business in Davenport, Polk County, Florida.

5.      Morales is a citizen of the State of Florida and a resident of Davenport, Polk County, Florida.

6.      Vega is a citizen of the State of Florida and a resident of Davenport, Polk County, Florida.

7.      Venue is appropriate in the Middle District of Florida as at least one of the Defendants resides there, the at-issue insurance policy was issued by Clear Blue for delivery to Danieliz in Polk County, Florida, and the and the events giving rise to the claims set forth below occurred here.

8.      An actual justiciable controversy between Clear Blue and the Defendants exists within the meaning of 28 U.S.C. § 2201, regarding whether Clear Blue has a duty to defend and therefore a duty to indemnify pursuant to the terms and conditions of the policy with respect to the claims asserted by Vega as is described in greater detail below.

2

## THE FACTS

9.    On May 5, 2025, there was an automobile accident in Polk County, Florida involving a vehicle operated by Morales and a vehicle operated by Vega (the "Incident").

10.    Vega has asserted bodily injury claims as a result of the damages she allegedly incurred as a result of the Incident.

*11.*    Subsequently, Vega filed a lawsuit concerning the Incident styled *Saelisse Vega Rivera v. Danieliz Hauling Services Corp and Carlos Morales.*, pending in the Tenth Judicial Circuit in and for Polk County bearing case number 2025-CA-004944-A000-BA (the "Liability Action").  A true and correct copy of the operative complaint in the Liability Action is attached as **Exhibit "A"**.

## THE POLICY

12.    Clear Blue issued a commercial automobile policy to the Danieliz under Policy No. AQ1YFL001268-05, from October 31, 2024 to October 31, 2025 (the "Policy").  A true and correct copy of the Policy is attached as **Exhibit "B"**.

13.    The Policy contains limits of $300,000.00 per accident and the following pertinent provisions:

**SECTION II . LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this

3

5141\329947397.v2

insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We will have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements…

***

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY

**EXCLUSION OF COVERAGE FOR ANY INSURED WHEN VEHICLE IS USED BY DESIGNATED OPERATOR(S)**

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

In consideration of the issuance, continuation and/or renewal of the policy, it is agreed that the insurance afforded under the policy shall not apply and we shall not be liable and no liability of any kind shall be attached to us for any loss or damages sustained while any covered "auto" or other motor vehicle is being operated or driven, either with

4

5141\329947397.v2

or without your permission, by the person or person(s) herein referred to as Designated Operator(s) named below.

Notwithstanding the above, the policy will provide coverage, where required by law, for: (1) personal injury protection benefits (PIP) up to the minimum limits required by law; 2) property damage liability coverage up to the minimum limits required by law; 3) state laws requiring coverage for vicarious liability of owners of covered autos up to the minimum limits required by law; 4) uninsured motorist coverage pursuant to the insured's election related to such coverage or 5) other financial responsibility laws up to the minimum limits required by law.

<u>Carlos Enrique Morales Mxxxxx2840  x/x/xx61</u>

Designated Operator(s)

In all other respects, the policy remains unchanged.

The named insured accepts the endorsement and further represents that notice has been made by the named insured to the Designated Operator(s) that this insurance does not apply when the Designated Operators(s) use an otherwise covered "auto" or motor vehicle. This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below, and will remain in effect for any subsequent renewals of the policy without need of further signatures or acknowledgements.

* * *

14. At the time of the Incident, Morales was a "Designated Operator" under the Policy.

15. Clear Blue is presently defending Danieliz and Morales in the Liability Action subject to a full and complete reservation of rights. As a result,

5

Clear Blue has incurred and will continue to incur expenses associated with the investigation, defense and handling of the claims and the Liability Action.

16.     Although Morales is identified in the Policy as a Designated Operator at the time of the Incident, upon information and belief, Vega nevertheless believes there is coverage under the Policy for the claims arising out of the Incident.

17.     Since Vega believes there is coverage under the Policy, she is seeking in the Liability Action, upon information and belief, damages in an amount in excess of the jurisdictional limit as a result of the Incident.

18.     Vega is a proper party since her interests, if any, may be affected by this Court's declaration.

19.     All conditions precedent to bringing this action have been performed or otherwise waived.

**COUNT I**
**NO COVERAGE BASED UPON THE**
**<u>DESIGNATED OPERATOR ENDORSEMENT</u>**

20.     Clear Blue realleges paragraphs 1 through 18 as paragraph 19 of Count

21.     The Designated Operator Endorsement provides that the Policy bars coverage for any losses "sustained while any covered 'auto' or other motor vehicle is being operated or driven, either with or without your permission, by the person or person(s) herein referred to as Designated Operator(s)."

6

22.   The Designated Operator Endorsement identifies Morales as a Designated Operator.

23.   The Incident at issue in the Liability Action involves a vehicle driven by Morales.

24.   Vega's Complaint in the Liability Action alleges that at the time of the Incident, "CARLOS MORALES, breached his duty when he negligently and carelessly operated…the subject dump truck…striking the vehicle containing [Vega], causing a collision." Ex. A ¶ 9.

25.   At the time of the Incident, Morales was identified in the Policy as a Designated Operator.

26.   Accordingly, the Policy does not provide coverage for any claims and/or lawsuits arising from the Incident, including the Liability Action.

27.   In view of the foregoing, an actual and present controversy exists between the parties as to the scope of Clear Blue's obligation, if any, to defend and indemnify for any claim arising out of the Incident.

WHEREFORE, Clear Blue Insurance Company respectfully requests this Court to find and declare that it does not have a duty to defend, and therefore no duty to indemnify for any claims arising out of the Incident, including the Liability Action, since Morales was listed as a Designated Operator.

7

Dated: June 10, 2026

**HINSHAW & CULBERTSON LLP**

*/s/ Pedro Hernandez*
Pedro E. Hernandez
Florida Bar No. 30365
phernandez@hinshawlaw.com
msinclair@hinshawlaw.com
Paula Munera Alzate
Florida Bar No. 1031296
pmunera@hinshawlaw.com
hreyes@hinshawlaw.com
2811 Ponce de Leon Boulevard Suite 1000, 10th Floor
Coral Gables, Florida 33134
Telephone: (305) 358-7747
*Co-Counsel for Clear Blue Insurance Company*

**INSURANCE CONSULTANTS & ADVISORS LLC**

*/s/ Ronald Kammer*
Ronald L. Kammer
Florida Bar No. 360589
ron@IcaFla.com
10 Aragon Avenue, #916
Coral Gables, Florida 33134
Telephone: (305) 205-6591
*Co-Counsel for Clear Blue Insurance Company*

5141\329947397.v2