UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLEAR BLUE INSURANCE COMPANY,

Plaintiff,

v. Case No. 8:26-cv-1698-VMC-NHA

DANIELIZ HAULING SERVICES, CORP., *et al.*,

Defendants.
_______________________________/

**ORDER**

I grant Plaintiff's motions for entry of Clerk's default against Danieliz Hauling Services, Corp. (Doc. 12) and Saelisse Vega Rivera (Doc. 13).

Plaintiff brought this action seeking a declaration of whether a commercial automobile policy obligates it to provide liability coverage for Danieliz Hauling Services, Corp. (DHS Corp.) in a personal injury lawsuit initiated by Saelisse Vega Rivera. Doc. 1. Plaintiff filed returns of service showing that Ms. Vega Rivera and DHS Corp. were served on June 12 and June 18, respectively. Docs. 7, 8. Neither Defendant has appeared in this action, and Plaintiff now moves for Clerk's default against each of them. Docs. 12, 13.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is insufficient, the court has no power to render judgment." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Service on Ms. Vega Rivera

Federal Rule of Civil Procedure 4(e) provides that a party may serve an individual by "leaving a copy of [the summons and of the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." FED. R. CIV. P. 4(e)(2)(B).

Here, Plaintiff did just that. On June 11, 2026, the process server served Ms. Vega Rivera by serving Daliellse Rivera, Saelisse Vega Rivera's mother, in their usual place of abode in Davenport, Florida, and informing her of the contents of the service. Doc. 7. The process server certified that the person served was over the age of fifteen, noting that Ms. Vega Rivera's mother is 50 years old. Doc. 7. Additionally, the process server and Plaintiff's counsel have

both confirmed that Ms. Vega Rivera is not in the military, so the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply. *See* Doc. 7; Doc. 13 ¶ 4.

Service on DHS Corp.

Federal Rule of Civil Procedure 4(h)(1) governs the service of process on United States corporations. It provides that service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). A corporation may also be served by following state law in the state where the district court is located or where service is effected. FED. R. CIV. P. 4(h)(1)(A), 4(e)(1).

Section 48.081 of the Florida Statutes governs service of process on corporations in Florida. That statute sets forth a hierarchy of persons who may accept service on a corporation's behalf, and directs plaintiffs to first attempt service on the corporation's registered agent. *See* Fla. Stat. § 48.081(2). Subsection (5) specifies, "If the address for the registered agent or any person listed publicly by the [corporation] on its latest annual report, as most recently amended, is a residence, . . . service on the [corporation] . . . may be made by serving . . . [t]he registered agent . . . in accordance with section 48.031." Fla. Stat. § 48.062(5). In turn, Section 48.031 allows a person to be served by

leaving a copy of the summons and complaint at their "usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1)(a).

Here, the return of service demonstrates that Plaintiff served DHS Corp. on June 18, 2026, by serving a copy of the summons and complaint on Aixes Gorres at 655 Savannah Preserve Loop, Davenport, Florida 338704, and informing Ms. Gorres of the contents of the service. Doc. 8. The return of service indicates that Ms. Gorres is the 40-year-old wife and a co-resident of Felix D. Feliciano Quiros, the registered agent of DHS. *Id*. Records of the Florida Department of State, Division of Corporations, confirm Felix D. Feliciano Quiros is the registered agent of DHS Corp., and that his address is 655 Savannah Preserve Loop, Davenport, FL 338704.[1] Thus, by serving a co-resident over the age of 15 at the registered agent's residential address, and informing her of the contents of the service, Plaintiff has served DHS Corp. in accordance with Section 48.081 of the Florida Statutes.

---

[1] Records of the Florida Department of State, Division of Corporations, are available at www.sunbiz.org, a verified website of a public agency. Federal Rule of Evidence 201 permits courts to take judicial notice, "at any stage of the proceeding," of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b), (d).

Default

Ms. Vega Rivera and DHS Corp. had until 21 days after being served with the summons and complaint—July 6 (excluding weekend deadlines) and July 9, respectively—to answer or otherwise respond. FED. R. CIV. P. 12(a)(1)(A). Neither has answered the complaint or otherwise demonstrated an intent to defend this action, and the time to do so has expired. Pursuant to Local Rule 1.10(b), Plaintiff timely moved for Clerk's default.

Accordingly:

1. Plaintiff's motions for Clerk's default (Docs. 12, 13) are granted.
2. The Clerk is directed to enter default against Defendants Danieliz Hauling Services, Corp. and Saelisse Vega Rivera.
3. Pursuant to Local Rule 1.10, Plaintiff shall, within 35 days of entry of the Clerk's default, apply for default judgment or file a paper identifying each unresolved issue necessary to entry of the default judgment.

**ORDERED** on July 19, 2026.

Natalie Hirt Adams

NATALIE HIRT ADAMS
United States Magistrate Judge